

LAIRD LAW PLLC

Boise, ID – Tucson, AZ
3573 E. Sunrise Dr., Ste. 215
Tucson, AZ 85704
Tel. (208) 391-4333
office@blaird.com
Brian A. Laird, ISB no. 8879
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| Catherine M. Sewell, and Platform Architecture & Design, PLLC,<br><br>Plaintiffs,<br><br>v.<br><br>James L. Escobar, Marla Carson, Neudesign Architecture, LLC, Tyler Roberts, Holley Dryden, Infinity & Roberts, LLC, Does 1-5, and ABC Companies 1-5,<br><br>Defendants. | CASE NO.  1:19-CV-361<br><br><br><br>**COMPLAINT**<br><br><br><br>HON. |

For their complaint against defendants James L. Escobar, Marla Carson, Neudesign Architecture, LLC, Tyler Roberts, Holley Dryden, and Infinity & Roberts, LLC, plaintiffs Catherine M. Sewell and Platform Architecture & Design, PLLC allege:

**PARTIES**

1. Plaintiff Catherine M. Sewell ("Sewell") is a licensed architect residing in Boise, Idaho, a member of the American Institute of Architecture, and LEED accredited professional.

2. Plaintiff Platform Architecture & Design, PLLC ("PAD") is an active Idaho professional limited liability company, with its place of business in Boise, Idaho.

3. Sewell is the principal, manager, and sole owner of membership interest in PAD. Sewell and PAD are referred collectively herein as "Sewell" unless otherwise noted.

4. Defendant Neudesign Architecture, LLC ("Neudesign") is an active Idaho Limited liability company, with its place of business in Meridian, Idaho.

5. Defendant James L. Escobar is the principal and sole member of Neudesign. Escobar is a licensed architect residing in Meridian, Idaho, a member of the American Institute of Architecture, a NCARB certified, LEED accredited professional.

6. Defendant Marla Carson is a licensed architect, employed by Neudesign in Meridian, Idaho at the time of the events giving rise to this civil action.

7. Defendant Tyler Roberts is a licensed real estate agent residing in or near Boise, Idaho.

8. Defendant Holley Dryden is an individual residing in or around Boise, Idaho.

9. Infinity & Roberts, LLC is an Idaho limited liability company.

10. Defendants Does 1-5 and ABC companies 1-5 are individuals and entities whose identities and/or actions are unknown but who are liable to plaintiff due to their participation in events giving rise to this action.

**JURISDICTION AND VENUE**

11. This is an action for copyright infringement in violation of Title 17, United States Code, 17 U.S.C. §101, *et seq*.

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2); the events giving rise to action occurred in this judicial district.

**FACTS**

14. In 2016, Sewell drafted original plan drawings ("the Plan Drawings") for a proposed multi-family residential development to be located at 6230 W. State Street, real property then-owned by Sewell's client (the "Property").

15. Sewell has submitted the Plan Designs for copyright registration with United States Copyright Office, case # 1-8049315651.

16. At her client's request, Sewell submitted the Plan Drawings to the City of Boise ("City") Planning & Development Services Department as part of a request for a conditional use permit.

17. The Plan Drawings were original creative works subject to copyright protection under 17 U.S.C. § 102 (a)(5) & (8).

18. True and complete copies of the Plan Drawings are attached hereto as Exhibit-A.

19. Sewell was the exclusive owner of all authorship rights to the Plan Drawings.

20. Sewell's submissions to the City were designated PUD16-00020 and CVA16-00040 in the City's records.

21. Sewell performed substantial work to obtain initial approval of the planned unit development applications.

22. The Plan Drawings were critical to approval of the applications.

23. In the absence of the Plan Drawings the applications could not have been approved.

24. After approval of the applications was obtained from the City, Sewell's client decided to sell the Property rather than proceeding with the development.

25. Although Sewell's client chose to sell the Property, Sewell retained all ownership of copyrights to the Plan Drawings.

26. Sewell did not expressly or impliedly grant her client a non-exclusive license to the Plan Drawings.

27. Sewell did not expressly or impliedly grant her client a transferable license to the Plan Drawings.

28. Sewell and her client understood that the Plan Drawings were her copyrighted materials and could not be transferred or used by anyone other than Sewell's client in the absence of Sewell's express written agreement.

29. In or around October/November 2016, Idaho real estate agent Tyler Roberts ("Roberts") contacted Sewell, stated that he was a real estate agent looking into the Property

for a purchaser, and asked for information about the planned project, including specific questions regarding the possibility of increasing parking and trash enclosures.

30. In response to requests from Roberts, Sewell provided copies of the Plan Drawings and other documents to Roberts.

31. On January 31, 2017, Sewell sent an email to Roberts stating as follows:

> Hi Tyler
> With the new year, we are looking at our projects and what we already have in the pipeline for the year, I wanted to touch base with you regarding where you might be in terms of the 6230 W. State Street project. As you know, I sent you some land use, planning, zoning and entitlement plans in October/November 2016. I have not heard from you since December 9th of last year.
>
> When we last corresponded, you had some specific questions on how we might increase the amount of parking and trash enclosure location options; since that time, the project has not progressed, and I am unclear whether you/Homes of Idaho will be moving forward with the project. That being the case, **I wanted to remind you that the entitlement plans I shared with you cannot be used further for this project without my or Platform Architecture Design's authorization. I always try to reinforce this point with all clients who have retained my firm for entitlement work only and I would appreciate it if you would pass this along to those folks at your company who may have access to the plans.**
>
> Thank you and please feel free to contact me if you would like to discuss this matter further.
>
> Catherine Sewell AIA, LEED AP

(Emphasis added.)

32. A true and complete copy of Sewell's email to Roberts is attached hereto as Exhibit-B.

33. On February 9, 2017, Sewell forwarded a copy of the email in Exhibit-B to her client, and stated:

> Thought I would check back in on the sale of State Street. I have not heard anything from Tyler. Below is what I sent him in regard to our documents/design. I have not contacted him directly as he may be going in a different direction all together with the project to where it may not be an issue. Any information you can provide would be helpful.

34. Sewell's email to her client included Sewell's email to Roberts verbatim, including the admonition that "I wanted to remind you that the entitlement plans I shared with you cannot

1  be used further for this project without my or Platform Architecture Design's authorization. I always try to reinforce this point with all clients who have retained my firm for entitlement work only and I would appreciate it if you would pass this along to those folks at your company who may have access to the plans."

35. A true and complete copy of Sewell's February 9, 2017 email to her client is attached as Exhibit-D.

36. The Property was sold by Sewell's client on or about February 15, 2017, approximately two weeks after Sewell's email to Roberts.

37. The grantee by warranty deed upon sale of the Property was Holley Dryden; the deed was recorded in the records of the Ada County Recorder on February 15, 2017.

38. On information and belief, Dryden is the spouse or other close personal associate of Roberts and was a straw buyer.

39. After the purchase, Dryden and Roberts worked in coordination with Escobar, Carson, and Neudesign (collectively, "Neudesign") to proceed with the development plans.

40. The work involved submissions to the City, including a request submitted on August 27, 2018, seeking a two-year extension of the PUD16-00020 application approval obtained by Sewell using the Plan Drawings. A true and complete copy of Roberts and Dryden's email application to the City for the extension is attached hereto as Exhibit-C.

41. The work also involved Neudesign's creating and submitting architectural drawings based on Sewell's Plan Drawings.

42. Neudesign's drawings were willful copies of Sewell's Plan Drawings, with only minor revisions.

43. The willful infringement was for purposes of making use of the City's approval of applications PUD16-00020 and CVA16-00040 without incurring the expense of commencing new plans or paying Sewell for her copyrighted work.

44. Sewell's Plan Designs were the foundation/platform for the Neudesign plan



LAIRD
LAW PLLC

1  submissions.

2  45. In a telephone conversation with Sewell, Escobar admitted that Sewell's Plan
3  Drawings had <u>actually been used</u> by defendants.

4  46. Pursaunt to their professional licensure, Escobar and Carson knew or were charged
5  with knowledge of their duties not to infringe on Sewell's Plan Designs.

6  47. The AIA Code of Ethics, Rule 2.101 and commentary read as follows:

> Rule 2.101. Members shall not, in the conduct of their professional practice, knowingly violate the law.
>
> Commentary: The violation of any law, local or federal, occurring in the conduct of a member's professional practice, is made the basis for discipline by this rule. This includes the federal Copyright Act, which prohibits copying architectural works without permission of the copyright owner.

48. On information and belief, Escobar and Carson actually knew of the professional duty stated above.

49. Despite knowing or being charged with knowledge of Rule 2.101 and its commentary, Escobar and Carson did not contact Sewel prior to or after using her Plan Drawings as the basis for their drawings.

50. On October 22, 2018, Dryden executed a deed granting ownership of the Property to Infinity & Roberts, LLC, an Idaho limited liability company.

51. Tyler Roberts is one of the two members of Infinity & Roberts, LLC.

52. On October 24, 2018, two days after its transfer to Infinity & Roberts, LLC, the Property was listed for sale by Tyler Roberts.

53. Tyler Roberts marketed the Property online using the Neudesign plans based on Sewell's Plan Drawings, including the following statement touting the value of plan approval by the City:

> "Rare opportunity to purchase a Boise City approved preliminary plat for a 44 unit apartment complex on 1.85 acres. Fantastic location on high visibility street directly across from Plantation Golf Course, close to the Boise River and Whitewater Park, and easy access to downtown. Project is currently in Design Review and awaiting final approvals. New owner could be building in a matter of months."



54. On January 15, 2019, after less than three months on the market, Infinity & Roberts, LLC sold the Property to a new purchaser.

### Claim for Relief
### Copyright Infringement – 17 U.S.C. §§ 101, *et seq.*

55. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

56. Sewell is the sole owner of all copyrights in an original work, the Plan Drawings.

57. As described above, the defendants willfully infringed on Sewell's copyrighted work.

58. The defendants' infringements were direct, contributory, and/or vicarious.

59. Plaintiffs are entitled to actual damages and all of the defendants' income/profits attributable to the infringement.

60. Plaintiffs are entitled to an order permanently enjoining any further use of the copyrighted materials and/or materials derived therefrom.

WHEREFORE, plaintiffs request relief in the form of judgment against the defendants, and each of them, as follows:

    a) Actual damages and all of defendants' profits/income, pursuant to 17 U.S.C. § 504(a);

    b) An order permanently enjoining defendants, their assigns and/or successors in interest from any further use of Sewell's Plan Drawings and/or use of any plans based on the Plan Drawings, pursuant to 17 U.S.C. § 502; and

    c) Such other relief as the Court deems equitable under the circumstances.

DATED this 19th day of September, 2019.

LAIRD LAW PLLC

*/s/ Brian A. Laird*
Brian A. Laird
Attorney for Plaintiffs